FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2021

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISON

**DERRICK JOHNSON**                                             PLAINTIFF

v.                      CIVIL CASE NO. 4:21-cv-469-KGB

**O & F LOGISTICS, LLC; and
HECTOR PEREZ PADRON**                                          DEFENDANT

This case assigned to District Judge Baker
and to Magistrate Judge Deere

**COMPLAINT**

COMES NOW the Plaintiff, Derrick Johnson, by and through his attorneys, Denton & Zachary, PLLC, and for his Complaint, states as follows:

### I.     INTRODUCTION

1.     Plaintiff brings this Arkansas negligence lawsuit, involving a semi-tractor trailer failing to yield to the flow of traffic on the morning of May 6th, 2021, causing a major motor vehicle accident that severely injured Derrick Johnson.

### II.    PARTIES

2.     Plaintiff Derrick Johnson (hereafter "Johnson") is a resident of Faulkner County, Arkansas.

3.     Defendant O & F Logistics, LLC (hereafter "O&F") is a foreign limited liability company. O&F is an over-the-road, interstate motor carrier with its principal base of operations located in Katy, Texas. Defendant O&F can be served process through its registered agent of service: **Odalis C. Pons Morales 9958 Village Bell, Houston, TX 77038**. At all times herein, Defendant O&F had control over the 2008 Freightliner tractor trailer, VIN# 1FUJGLCK88LZ93717, driven by separate Defendant Hector Perez Padron.

4. Defendant Hector Perez Padron (hereafter "Perez Padron) was an employee of Defendant O&F. Defendant Perez Padron's address is **1506 Candytuft St. A, Houston TX 77038**. At all relevant times herein, Defendant Perez Padron was under the control of, or acting as, and agent/servant/employee within the State of Arkansas, in course and scope of his employment with O&F Logistics and in furtherance of the financial interests of O&F Logistics.

### III.   JURISDICTION AND VENUE

5. This Court has Jurisdiction over the subject matter of this controversy, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of fees and interest.

6. This Court has personal jurisdiction over the parties in this lawsuit.

7. Plaintiff is a resident, citizen and is domiciled in the State of Arkansas.

8. Defendants are residents, citizens and are domiciled in the State of Texas.

9. Defendants engage in continuous direct interstate commerce, including the State of Arkansas, and purposefully avail themselves of the benefits and privileges of operating in the State of Arkansas for financial benefit and gain. Defendants' contacts and ongoing presence in the State of Arkansas is purposeful and systematic.

10. Defendants' direct and continual presence includes continual GPS and electronic monitoring of truck drivers, dispatching and sending truck tractors and semitrailers and equipment in the State of Arkansas, advertising and soliciting truck drivers in the State of Arkansas, contracting for transportation delivery in the State of Arkansas and on its public highways, and providing for cargo load sites in Arkansas for profit. This ongoing, concerted, and purposeful business activity includes a continual presence of equipment in the State of Arkansas and continuous, systematic, and purposeful transportation on public highways in the State of Arkansas.

11. Defendant O&F had purposeful direction and control jointly over its truck driver, the equipment, parking area and route involved in this transportation collision in Arkansas.

12. Therefore, personal jurisdiction over Defendants is proper and does not offend due process under the Arkansas long-arm statute in accordance with due process principles.

13. Plaintiffs seek damages in excess of the amount required for federal diversity jurisdiction.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events, acts and omissions giving rise to the claim occurred in counties in Central Eastern Arkansas

## IV.   FACTUAL ALLEGATIONS

15. On May 6th, 2021, Plaintiff Johnson was reasonably and prudently traveling westbound in the inside lane on Interstate 40.

16. On or about the same time, Defendant Perez Padron was also traveling westbound in the inside lane on Interstate 40.

17. Plaintiff Johnson began yielding to traffic due to a work-zone area.

18. Unknown to Plaintiff Johnson at the time, Defendant Perez Padron did not slow with traffic but instead continued at a high rate of speed.

19. Due to Defendant Perez Padron failing to yield to traffic, Defendant Perez Padron's vehicle violently and forcefully collided with the semi-tractor trailer that Plaintiff Johnson was operating from the rear without warning.

20. Plaintiff Johnson's vehicle was disabled at the scene due to the collision, suffered extensive physical damage from the forces of the collision and impact, and had to be transported from the scene by a towing service.

21. Plaintiff Johnson was subsequently transported by ambulance to Baptist Hospital's emergency department, where he was diagnosed with multiple injuries to his head and neck.

22. As a direct and proximate result of Defendant's careless, negligent and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiff, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## V. CAUSES OF ACTION

### a. Direct and Vicarious Liability for Defendant O&F

23. The preceding paragraphs are hereby incorporated by reference.

24. At the time of the accident, Defendant Perez Padron was an employee of Separate Defendant O&F and was operating under the policies and supervision of Defendant O&F.

25. Defendant O&F hired Defendant Perez Padron and at all times of his employment retained control and authority over him, including the power to allow him to drive vehicles owned by O&F and make deliveries for O&F.

26. At the time of the accident, Separate Defendant Perez Padron was being paid by Defendant O&F and furthering the business interest of O&F.

27. Defendant Perez Padron, and his employer Defendant O&F had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-tractor trailer on interstate highways in a reasonably prudent manner and with the highest degree of care.

28. At all relevant times, Defendant Perez Padron was acting as an agent/employee/servant within the scope and course of his employment with Defendant O&F,

subject to its direction and control while furthering their business interests and financial enterprises on interstate highways in the State of Arkansas.

29. Defendant O&F is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondent superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

30. Defendant Perez Padron is an agent and employee of Defendant O&F who was then tasked by Defendant O&F to drive a tractor-trailer through the state of Arkansas on Interstate 40.

31. Defendant Perez Padron was entrusted, permitted and allowed to operate Defendants' commercial motor vehicle and operate and maneuver on a public highway in the negligent and reckless manner in which Defendant Perez Padron was driving at the time that Defendants' semitrailer created the unsafe, dangerous condition and instrumentality on Interstate 40.

32. The acts and omissions of Defendant Perez Padron are directly imputed to his employer and principle, Defendant O&F. Defendant Perez Padron's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendant O&F on the public roads and interstate highways in the State of Arkansas.

33. Defendant O&F is directly and affirmatively responsible for the actions of their employees, agents and servants in its trucking enterprise operating its vehicles on interstate highways.

34. Defendants failed to have standards, systems, policies and/or procedures in place to prevent its drivers from operating Defendants' truck, tractor, semitrailer, and commercial motor

vehicle equipment and combination in a negligent, careless and/or reckless manner on interstate highways.

35. Defendants through their direct corporate actions and inactions, adopted an unreasonable and imprudent policy, procedure practice and standard, in which they allowed and encouraged for financial benefits rather than discouraged, Defendant Perez Padron, to drive and operate the semi-trailer and Freightliner, in the negligent, careless and reckless manner in which Defendant Perez Padron was operating, maneuvering at the time of the collision on Interstate 40.

36. Defendants' agent, employee and servant, in the course and scope of employment, as a commercially licensed driver, must be able to maintain, control and safely operate the semi-truck, trailer, semitrailer, on interstate highway systems, including public highways in the State of Arkansas.

37. Under the FMCSR, the truck driver and motor carriers under U.S. DOT must have knowledge of the commercial motor vehicle, the equipment and use of the equipment. 49 C.F.R. §§ 383.11, 392.2, 392.7, 393.95, 395.2, 395.3. This knowledge includes pre-trip inspections, operations and emergency equipment inspection, operation and use.

38. This safe and prudent commercial motor vehicle operation under FMCSR, state law, and industry standards, customs and practices, includes keeping a proper surveillance and lookout for other motor vehicles before braking, accelerating, changing speed and lane direction, crossing lanes of a highway, avoidance of willfully and wantonly operating a large semi-tractor trailer creating a dangerous instrumentality on public highway and endangering the safety of others on the roadway.

39. Defendant Perez Padron must be properly trained to inspect his commercial motor vehicle, including emergency operation and use, proper sight and view of public traffic and safely

prudent operations. Defendant Perez Padron must maintain a reasonable and prudent speed and lane control under the circumstances.

40. Defendant Perez Padron must also not drive or operate a motor vehicle and motor carrier while distracted, not observant of other drivers on the highway and his vision and ability to operate the motor vehicle are impaired as to make it unsafe for others traveling on the interstate.

41. Defendant O&F failed to train, supervise, monitor and control its employees, including Defendant Perez Padron, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

42. Defendant O&F failed to have polices and/or procedures in place to prevent its drivers, including Defendant Perez Padron, from operating Defendant O&F's semi-tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

43. Defendant O&F through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Perez Padron to drive in the negligent and reckless manner in which Defendant Perez Padron was driving at the time that he collided with Plaintiff Johnson.

44. Defendant O&F failed to have appropriate industry standards, customs and practice and polies and/or procedures in place to prevent their semi-tractor drivers, including Defendant Perez Padron, from operating the semitrailer and tractor equipment in a negligent and/or reckless manner presenting appreciable risk of harm to public travelers on public highways in the State of Arkansas.

45. Defendant O&F was itself willful and wanton in its conduct, as it had notice or could have foreseen that Defendant Perez Padron would act willfully, wantonly, or with conscience indifference.

46. It was foreseeable that the failure of Defendants to have a reasonably safe and prudent transportation system and to fail to control and operate their semi-trailer in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

### b. *Direct Negligence of Defendant Perez Padron*

47. The preceding paragraphs are hereby incorporated by reference.

48. Defendant Perez Padron, was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

   a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   b. Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6), & (b)(8);

   c. Failing to properly and safely pass a vehicle on the left, in violation of Ark. Code Ann. § 27-51-307(a)(1) & (2);

   d. Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

   e. Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

   f. Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

    g.  Failing to obey the "rules of the road" in violation of the common law of Arkansas;

    h.  Failing to comply with Federal and State law, accepted traffic safety engineering principles, and local laws governing safety and health including, but not limited to Federal Highway Administration Regulations, MUTCD, OSHA, and Arkansas State Highway and Transportation Department Standards;

    i.  Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident and

    j.  Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas.

49. It was foreseeable that the failure of Defendants to operate their semi-tractor trailer in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

50. The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

51.     As a direct and proximate result of the acts and omissions of Defendants, as described above, Plaintiff suffered severe and permanently disabling injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

52.     It was foreseeable that the failure of Defendants to have a reasonably safe and prudent transportation system and to fail to control and operate their semi-trailer in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

## VI.     PROXIMATE CAUSATION

53.     The facts and allegations recite above are incorporated by reference and made a part hereof as though set out verbatim.

54.     As a direct and proximate result of the negligent acts and/or omissions, Plaintiffs sustained severe and critical personal, physical, psychological and emotional injuries.

## VII.     INJURIES AND COMPENSATORY DAMAGES

55.     Plaintiff seeks compensation for the damages he has sustained, and which were directly and proximately caused by the negligence, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

   a.     damages for the nature, extent, duration, and permanency of Plaintiff's injuries;

   b.     full value of Plaintiffs' past medical, present and future medical expenses, including all special and consequential damages;

   c.     full value of the expense of Plaintiffs' medical care, treatment and services received, including transportation, board and lodging expenses, 24-hour care, and those medical expenses, housekeeping, lodging, transportation and future care-taking expenses that will be

necessary and reasonably certain to be required in the future, including the value of any life-care plan;

  d. damages for Plaintiff's pain, suffering, mental anguish, embarrassment, PTSD, depression, and anxiety, experienced in the past, present, and future;

  e. damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiff's goals and/or opportunities as a person;

  f. damages for scarring, disfigurement, and other visible results of Plaintiff's injuries;

  g. the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

  h. Plaintiff's future loss of past, present and future earning capacity and ability to earn, opportunities to thrive, develop and grow;

  i. loss of services, society, relationships, friendship and companionship sustained by Plaintiff;

  j. Plaintiff's hedonic damages, enjoyment of life and living, support, guidance and care-taking;

  k. Full value of the functional services, structure, and support needed by Plaintiff; and

  l. All other compensatory damages allowed by Arkansas law.

56. The injuries and damages described herein have been suffered in the past, present and are reasonably expected to continue in the future.

## VIII. PUNITIVE DAMAGES

57. Defendants' conduct was negligent, reckless, consciously indifferent, such that malice may be inferred from their acts and conduct in the State of Arkansas. Defendants knew, or

ought to have known, in the light of the surrounding circumstances that Defendants' conduct would naturally and probably result in injuries and damage. However, Defendants continued such conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

58. Specifically, Defendant O&F was itself willful and wanton in its conduct, including its failure to train, supervise and control Defendant Perez Padron and its tractor trailer, as O&F had notice or could have foreseen that Defendant Perez Padron would act willfully, wantonly, or with conscience indifference.

59. Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## IX.   DEMAND FOR JURY TRIAL

60. Plaintiff's request a jury trial on all issues herein.

61. Plaintiffs reserve their right to amend the Complaint to conform to proof.

## X.   PRAYER FOR RELIEF

62. Plaintiffs respectfully prays for an award of damages and joint and several judgment, be entered against Defendants, jointly and severally for all damages caused by Defendants, for actual, compensatory and special damages, as permitted by Arkansas survival and wrongful death acts and Arkansas law or applicable law in excess of the publicly known insurance policies, punitive damages as provided by law, and for reasonable filing and court costs and fees under the Federal Rules of Civil Procedure and Arkansas law.

Respectfully submitted,

DENTON & ZACHARY, PLLC
Joe Denton, Ark. Bar No. 2012167

Justin C. Zachary, Ark. Bar No. 2010162<br>
2100 Riverdale Road, Suite 200A<br>
Little Rock, Arkansas 72202<br>
Tel: (501) 358-4999<br>
Fax: (501) 358-4737<br>
Email: joe@dentonandzachary.com<br>
justin@dentonandzachary.com